■ I. DAVID PARKOFF, Respondent, v GENERAL TELEPHONE & ELECTRONICS CORP. et al., Appellants, et al., Defendants.—Order, Supreme Court, New York County, entered April 21, 1978, denying the motion of defendant-appellant General Telephone and Electronics Corp. (GTE) for an order dismissing plaintiff's complaint or for summary judgment, with leave to renew after discovery, (GTE is also appealing from a counterorder, entered May 11, 1978, which denied in the same words the same relief that GTE had previously sought against plaintiff; defendant-appellant Page has filed a notice of appeal from the same two orders being appealed by GTE), unanimously reversed, on the law, and summary judgment granted dismissing the complaint, with costs and disbursements. This action is one of a number of stockholder's derivative suits for alleged waste of corporate assets and breach of fiduciary duties commenced following GTE's disclosure of questionable payments made abroad to public officials or political parties and the report of a resulting Securities and Exchange Commission investigation. In consequence of the commencement of these actions, GTE formed a special litigation committee of three outside directors who were not directors at the time of the events in issue. This committee was to review an investigative report of GTE's audit committee and recommended a course of action with respect to the stockholder's suits. One Blauvelt was chairman of the special litigation committee. Ultimately it recommended that it would not be in the corporation's best interest for this and the other stockholder's actions to proceed. In denying GTE's motion to dismiss, Special Term held, *inter alia,* that a determination of the good faith and independence of GTE's special litigation committee should await completion of discovery by the plaintiff. In another of the stockholder's derivative actions against GTE, *Auerbach v Bennett,* the Appellate Division, Second Department, made a similar ruling, (64 AD2d 98), but the Court of Appeals reversed and granted summary judgment dismissing the complaint (47 NY2d 619), holding upon the proof submitted there that there was no "triable issue of fact as to the independence and disinterested status of these three directors [of the Special Litigation Committee]." The appellants contend that this court should dismiss, just as *Auerbach* was dismissed, based upon the business judgment of the special litigation committee. The business judgment rule (see Business Corporation Law, § 717) bars judicial inquiry into actions of corporate directors taken in good faith and in the exercise of honest judgment in the lawful furtherance of corporate purposes *(Blaustein v Pan Amer. Petroleum & Transp. Co.,* 293 NY 281, 303). The claim here asserted is corporate property and, as with questions of policy and management, the decision whether, or to what extent, to prosecute such claims lies within the judgment of the corporation's board of directors *(Auerbach v Bennett,* 47 NY2d 619, 631). Therefore, absent evidence of bad faith or fraud the court must respect the decision of the special litigation committee *(Auerbach v Bennett, supra,* at pp 630-631). No such evidence has been presented here. Special Term's decision to await completion of discovery was influenced by plaintiff's allegation that the committee, Blauvelt in particular, was not independent, but the only evidence plaintiff could muster was that Blauvelt had attended a board of directors meeting when the board was informed

that a questionable payment arrangement in the Philippines was being terminated. No showing was made how this would compromise Blauvelt's independence, and what information he could have gained from the meeting would have been available to him in the audit committee report that he was assigned to review. (This information about Blauvelt was before the Court of Appeals in *Auerbach* and that court was not persuaded that it was of sufficient import to defer dismissal of the complaint until after discovery.) Since a court may also inquire "as to the adequacy and appropriateness of the committee's investigative procedures and methodologies" *(Auerbach v Bennett, supra,* p 634), plaintiff assails the special litigation committee's procedures, claiming as evidence that they were found defective in *Cramer v General Tel. & Electronics Corp.* (582 F2d 259). This assertion has no merit; the *Cramer* court never addressed the methodology of the special litigation committee. (In *Auerbach,* the Court of Appeals did address the committee's methods and on the evidence there found nothing that would raise an issue of fact.) In view of the necessity to reverse and grant summary judgment dismissing the complaint because of the bar of the business judgment rule, there is no need to address the other points raised on appeal. Concur— Birns, J. P., Fein, Sullivan, Lupiano and Lynch, JJ.